**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGUSTIN NIJ-PIRIR, AKA Augustin Pirir, AKA Lorenzo Sandoval, AKA Lorenzo Sandoval-Marroquin, | No. 19-70714 |
| Petitioner, | Agency No. A079-541-523 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Agustin Nij-Pirir, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to terminate

and dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review de novo questions of law. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Nij-Pirir failed to establish that the harm he experienced or fears in Guatemala was or would be on account of a protected ground, including a particular social group. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

To the extent the BIA declined to consider Nij-Pirir's arguments regarding the proposed particular social group of "successful business owners" that were raised for the first time to the BIA, this was not error. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider particular social groups raised for the first time on appeal); *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190-91 (BIA 2018) (where an applicant raises membership in a particular social group as the basis of her claim "she has the burden to clearly

indicate the exact delineation" of the group before the IJ); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues not raised to the IJ are not properly before the BIA on appeal).

Thus, Nij-Pirir's asylum and withholding of removal claims fail.

Nij-Pirir does not raise, and therefore waives, any challenge to the agency's determination that he failed to establish eligibility for relief under CAT, and any challenge to the BIA's denial of his motion to terminate. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in the opening brief).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**